# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 10, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**FLORENCE HAGY, WIDOW OF
TROY L. HAGY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1317** (BOR Appeal No. 2048586)
(Claim No. 2011029396)

**WESTMORELAND COAL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Florence Hagy, widow of Troy L. Hagy, by Otis R. Mann Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Westmoreland Coal, by Anthony J. Cicconi, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 21, 2013, in which the Board affirmed a June 24, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 18, 2011, decision denying Mrs. Hagy's request for dependent's benefits based on Mr. Hagy's death. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hagy worked as a coal miner for Westmoreland Coal. Throughout the course of his employment he was exposed to the hazards of breathing in minute particles of coal dust, and he received a 15% permanent partial disability award based on this exposure. Several years after he had retired, Mr. Hagy was admitted to the hospital with several conditions including bleeding secondary to ischemic colitis. Mr. Hagy died on May 14, 2010, and the cause of death was listed as end stage chronic obstructive pulmonary disease and occupational pneumoconiosis. James A.

Dennis, M.D., performed an autopsy immediately following Mr. Hagy's death and found minimal fibrosis in the right lung but moderate black pigment in the left lung. He also found black pigment scattered throughout the entire lung which was consistent with occupational pneumoconiosis. Mrs. Hagy then filed an application for dependent's benefits based on her husband's death. The Occupational Pneumoconiosis Board considered her application but determined that occupational pneumoconiosis was not a material contributing factor in Mr. Hagy's death. The Occupational Pneumoconiosis Board partially based this determination on x-rays taken during three evaluations prior to Mr. Hagy's death. On October 18, 2011, the claims administrator denied Mrs. Hagy's request for dependent's benefits based on the Occupational Pneumoconiosis Board's findings. Following the denial, Mr. Hagy's records were reviewed by Mario Stefanini, M.D., who found that he had marked distortions, fibrosis, and emphysematous changes in the lungs. Dr. Stefanini found that this was consistent with occupational pneumoconiosis. Dr. Stefanini found that, since Mr. Hagy's lungs were so heavily damaged by chronic interstitial fibrosis, superimposed occupational pneumoconiosis was a contributing cause of his demise. The Occupational Pneumoconiosis Board then testified at a hearing before the Office of Judges. On behalf of the Board, Jack L. Kinder, M.D., testified that Mr. Hagy's death was caused by ischemic colitis. He stated that Mr. Hagy had occupational pneumoconiosis but it did not cause his ischemic colitis or prevent him from receiving treatment for this condition. On June 24, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on November 21, 2013, leading Mrs. Hagy to appeal.

The Office of Judges concluded that occupational pneumoconiosis did not play a material contributing role in Mr. Hagy's death. The Office of Judges found that Mr. Hagy's death was caused by ischemic colitis. It also found that occupational pneumoconiosis did not cause this condition or prevent Mr. Hagy from receiving treatment for this condition. In reaching this determination, the Office of Judges relied on the report and testimony of the Occupational Pneumoconiosis Board. It found that the Board's opinion was consistent. It also found that the Board pointed to numerous non-occupational factors contributing to Mr. Hagy's death, including advanced age, coronary disease, and chronic obstructive pulmonary disease. The Office of Judges determined that occupational pneumoconiosis was a minor condition compared to Mr. Hagy's overall health problems. The Office of Judges also considered the opinion of Dr. Stefanini, but it determined that Dr. Stefanini did not sufficiently connect Mr. Hagy's interstitial fibrosis to coal dust exposure. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mrs. Hagy has not demonstrated that she is entitled to dependent's benefits. She has not shown that occupational pneumoconiosis "contributed in any material degree" to her husband's death. *Bradford v. Workers' Comp. Comm'r*, 185 W.Va. 434, 442, 408 S.E.2d 13, 21 (1991). The evidence in the record shows that Mr. Hagy's death was caused by ischemic colitis causing bowel failure. The record further shows that his death was contributed to by various non-occupational factors and his occupational pneumoconiosis had a minor effect on his health. The Occupational Pneumoconiosis Board's opinion was consistent with this evidence, and the Office

of Judges according it proper deference. *Fenton Art Glass Co. v. W. Va. Office of Ins. Comm'r*, 222 W. Va. 420, 431, 664 S.E.2d 761, 722 (2008).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 10, 2014**

**CONCURRED IN BY:**
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Robin J. Davis

3